In the Matter of Scot A. **O'FARRELL.**

No. 49S00–0207–DI–385.

Supreme Court of Indiana.

Oct. 14, 2003.

### ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE

Pursuant to Ind.Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and

the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating a proposed discipline and agreed facts as summarized below:

**Facts:** The respondent was admitted to this state's bar in 2000. On his application for admittance to this state's bar, the respondent failed to disclose the fact that he was charged in Florida in 1999 with driving while under the influence of alcoholic beverages and exposure of his sexual organs and that he was convicted of the driving while under the influence charge, despite the fact that the application required him to disclose such prior conduct. Additionally, the respondent pled guilty to operating a motor vehicle while intoxicated in Hendricks County, Indiana, in March 2002. The offense was a felony conviction due to the respondent's having two prior OWI convictions in Indiana, both of which predated his admittance to the bar.

**Violations:** The respondent violated Ind.Professional Conduct Rule 8.1(a), which provides that a lawyer shall not knowingly make a false statement of material fact in connection with a bar admission application. He violated Prof.Cond.R. 8.1(b), which provides that a lawyer, in connection with a bar admission application, shall not fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter. He also violated Prof.Cond.R. 8.4(b), which provides that a lawyer shall not commit a criminal act which reflects adversely on his honesty, trustworthiness, or fitness as a lawyer in other respects.

**Discipline:** Suspension from the practice of law for a period of not fewer than 18 months, effective September 30, 2002, with the requirement that such reinstatement be conditioned upon his successful petition to this Court pursuant to Admis.Disc.R. 23(4). There is no assurance that the respondent will ever be reinstated to the practice of law in this state.

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline. Costs of this proceeding are assessed against the respondent. The Clerk is directed to provide notice of this order to the hearing officer in this matter, the Hon. Steven Frank, to all parties as directed by Admis.Disc.R. 23(3)(d).

All Justices concur.